# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>            Plaintiff,<br><br>    v.<br><br>K.HARRIS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:12-cv–00520-BAM PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Isabel Tubach, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed the complaint in this action on March 26, 2012. In her complaint, Plaintiff states that she has not exhausted her administrative remedies.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance

1  with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."
2  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,
3  2384 (2006)).

4  The Court takes judicial notice of the fact that the California Department of Corrections and
5  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.
6  15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Three
7  levels of appeal are involved; the first level, second level, and third level. Id. at §§ 3084.2, 3084.7.
8  Appeals must be submitted within thirty calendar days of the event being appealed, and the process
9  is initiated by submission of the appeal to the appeals coordinator.[1] Id. at § 3084.8(b). Once the
10 third level review is complete, the inmate has exhausted his administrative remedies. Id. at §
11 3084.1(b)

12 In order to satisfy section 1997e(a), California state prisoners are required to use the available
13 process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006).
14 "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."
15 Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).
16 "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,
17 nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S.
18 at 739 n.5).

19 There is no exception to the exhaustion requirement for imminent harm. If the court
20 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
21 dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira,
22 427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that she has not exhausted
23 the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt
24 v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a

---

[1] Prior to January 2011, appeals had to be submitted within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). It is unclear from Plaintiff's complaint when the incidents alleged in the complaint occurred, so some claims may have needed to be submitted within the fifteen days required in the prior version of the regulation.

valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

  Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order. Failure to follow this order will result in the action being dismissed, without prejudice, for failure to comply with a court order.

  IT IS SO ORDERED.

  Dated: __April 6, 2012__     __/s/ Barbara A. McAuliffe__
                UNITED STATES MAGISTRATE JUDGE