# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>              Plaintiff,<br><br>    v.<br><br>K.HARRIS, et al.,<br><br>              Defendants. | CASE NO. 1:12-cv–00520-LJO-BAM PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 8) |

Plaintiff Isabel Tubach, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed the complaint in this action on March 26, 2012. On April 5, 2012, Plaintiff was ordered to file a consent or decline form within thirty days. (ECF No. 5.) On April 6, 2012, an order issued requiring Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to exhaust administrative remedies. (ECF No. 8.) More than thirty days have passed, and Plaintiff has failed to respond to the orders.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198,

1200-01 (9th Cir. 2002).

In the complaint, Plaintiff states that she has not exhausted her administrative remedies. Because it is clear from the face of Plaintiff's complaint that she has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Additionally, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

Accordingly it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit and for failure to prosecute; and

2. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

**Dated:** May 17, 2012        /s/ Lawrence J. O'Neill
                               UNITED STATES DISTRICT JUDGE

2